# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DONNA YOUNG and WALTER YOUNG (deceased),<br><br>Plaintiffs<br><br>v.<br><br>ETHICON, INC.; ETHICON LLC; and JOHNSON & JOHNSON,<br><br>Defendants | Case No.: 2:20-cv-02018-APG-VCF<br><br>**Order Adopting MDL Court's Orders Regarding Experts and Directing the Parties to Confer and Prepare a Proposed Schedule for the Case** |

This case is one of thousands of cases that were joined in multidistrict litigation (MDL) in the United States District Court for the Southern District of West Virginia. That court conducted the MDL litigation in waves, with this case being one of the wave 11 cases. In their joint status report, the parties state that they have adopted in this case the briefs from prior waves regarding both general and case specific experts. ECF No. 99.

The judge presiding over the MDL, Judge Goodwin, issued several orders pertaining to all but two of the experts currently at issue in prior waves, but he did not issue similar orders in the wave 11 cases. Because the parties have adopted their briefing from these prior waves, and because I see no reason to depart from Judge Goodwin's orders, I adopt in this case the following orders:

• Judge Goodwin's wave 7 order adopting his wave 1 order regarding Dr. Bruce Rosenzweig (ECF Nos. 69-1, 69-7);[1]

---

[1] The defendants request leave to file supplemental briefing regarding Dr. Rosenzweig. Plaintiff Donna Young opposes further briefing. I deny the request for supplemental briefing at this time because the defendants have not identified what that briefing might entail and why those matters could not have been addressed earlier.

- Judge Goodwin's wave 3 order adopting his wave 1 order regarding Dr. Donald Ostergard (ECF Nos. 68-1, 68-3);
- Judge Goodwin's wave 3 order adopting his wave 1 order regarding Dr. Dionysios Veronikis (ECF Nos. 71-1, 71-3);
- Judge Goodwin's wave 4 order adopting his wave 1 order regarding Dr. Jimmy Mays (ECF Nos. 66-1, 66-3);
- Judge Goodwin's wave 4 order adopting his wave 2 order regarding Dr. Paul Michaels (ECF No. 67-3);[2]
- Judge Goodwin's wave 4 order regarding Dr. Harvey Winkler (ECF No. 72-1);
- Judge Goodwin's wave 1 order regarding Dr. Terri Longacre (ECF No. 64-1); and
- Judge Goodwin's wave 3 order adopting his wave 1 order regarding Dr. Steven MacLean (ECF Nos. 65-1, 65-3).

Judge Goodwin did not rule on plaintiff Donna Young's motions related to the general opinions of experts Dr. Edward Stanford and Dr. Peter Sand. I will address the plaintiff's motions to exclude these experts' general opinions by separate orders.[3]

Judge Goodwin reserved ruling on several issues related to some of these experts, and the defendants request that I resolve those issues. I decline to do so on the current state of the record. The docket contains thousands of pages of briefs and expert reports in a format that does not lend itself to manageable resolution of any remaining issues regarding the experts. Hundreds of pages have nothing to do with this case or relate to opinions that are not being challenged. I

---

[2] The parties stated they were attaching Judge Goodwin's wave 2 order regarding Dr. Michaels to their status report, but they did not do so. ECF No. 99 at 8 n.5. The parties therefore are directed to file the wave 2 order regarding Dr. Michaels by February 12, 2021.

[3] I will also address by separate order the plaintiff's motion to exclude Dr. Stanford's case specific opinions (ECF No. 52).

will not parse through the thousands of pages to find the exact arguments and portions of reports or depositions that the parties contend are still at issue. And the issues may be narrowed further by my forthcoming rulings on the parties' pending motions.

Consequently, within 45 days after my ruling on the case specific motions, the parties shall confer to determine whether any further issues remain for resolution regarding the experts about whom Judge Goodwin reserved ruling. If the parties determine that further motions regarding experts are required, they will be permitted to file only one motion per expert on only those issues Judge Goodwin reserved ruling. Each motion must be complete in and of itself and may not simply refer to or incorporate by reference another motion docketed elsewhere. It must attach the challenged expert's report or testimony and must cite to the particular page within the expert's report or testimony where the challenged opinion or testimony is located. The motion also must attach any prior orders Judge Goodwin issued related to the expert. Failure to comply with these instructions will result in denial of the motion.

The parties also must confer on a schedule for the remainder of the case. Although they have agreed to reopen discovery for a period of 150 days and to conduct certain depositions, they have not proposed other deadlines for the case. Within 15 days after conferring, the parties shall file a joint status report setting forth their proposed schedule. If the parties cannot agree, the report shall set forth their separate proposals with a brief explanation of their respective positions.

DATED this 29th day of January, 2021.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE